**UNITED STATES of America, Plaintiff,**

v.

**Francis Xavier KRONCKE, Michael Duane Therriault, Defendants.**

**No. 5–70 CR. 19.**

United States District Court, D. Minnesota, Fifth Division.

Dec. 17, 1970.

Robert G. Renner, U. S. Atty., for plaintiff.

Kenneth E. Tilsen and Stuart W. Wells, III, St. Paul, Minn., for defendants.

Francis Xavier Kroncke, pro se.

NEVILLE, District Judge.

The defendants are charged in a one count indictment filed September 23, 1970 with a violation of 50 App. U.S.C. § 462(a), alleging that on or about July 10, 1970 at Little Falls, Minnesota, they entered the Selective Service Headquarters for Morrison County, Minnesota "to remove and destroy official records contained therein and thus disrupt the official activities at said location." Defend-

ants were arraigned and entered pleas of not guilty.

In a pretrial motion they have moved to strike the venire of petit and grand jurors and to dismiss the indictment, on the grounds that the venire or panel of jurors does not represent a fair cross-section of the community as required by law and by the United States Constitution. The jurors in the District of Minnesota, as in many other districts, are selected from the voting lists of actual or registered voters compiled from the last presidential election, in this case 1968. The Jury Service and Selection Act of 1968, 28 U.S.C. § 1861 *et seq.*, provides eligibility for jury service to any citizen of the United States 21 years of age and who has resided for a period of one year in the judicial district. There are certain exceptions not here material relating to a prospective juror's criminal activity, his illiteracy, mental infirmity, etc. and certain exemptions from service are granted. The announced policy of the law is that jurors shall be selected at random from a fair cross-section of the community. Following the passage of the Act and as therein provided, the judges of the District Court for the District of Minnesota promulgated and adopted a jury plan providing *inter alia* that jurors' names should be selected from voters lists with the venire list renewed and changed every four years after each presidential election. The plan was duly approved by the Reviewing Panel of the Court of Appeals for the Eighth Circuit. To the best of the knowledge of the judges in the District of Minnesota, the plan so adopted has followed the law and is in compliance therewith. Defendants claim:

■ (1) *The law and the plan do not include those who do not vote*, i.e., "the politically disaffected or alienated who refuse to participate in the political process through conventional electoral means." It is true that non-voters are not drawn as jurors since voting lists of actual or registered voters are the source of names. Jury duty is re-garded both as a duty and as a privilege, and to be eligible therefor one must be a registered or actual voter. Those who wish to disassociate themselves from the political process by not voting forfeit the right to be selected on either a grand or petit jury. Congressional policy as expressed in the Jury Service and Selection Act of 1968 aforesaid establishes the voting lists as the primary source of jurors, with special provisions for the District of Columbia, where citizens then had no vote, and certain other districts such as Puerto Rico and the Canal Zone. Congress may well have been motivated by the practicalities of the situation and the frailties of any other method such as the use of telephone directories, tending only to reach home owners and far more frequently only the husband in whose name the listing is maintained, or privately published city directories which are not always updated nor completely accurate. A number of decisions have passed on the question and have held jury selection from voter lists to be constitutional. Gorin v. United States, 313 F.2d 641 (1st Cir. 1963); Rabinowitz v. United States, 366 F.2d 34 (5th Cir. 1966); United States v. Caci, 401 F.2d 664 (2d Cir. 1968); Camp v. United States, 413 F.2d 419 (5th Cir. 1969).

As stated in United States v. Caci, 401 F.2d 664 (2d Cir. 1968):

> "It is well established that the use of voter registration lists as the source of names of prospective jurors is not unlawful because it results in the exclusion of nonvoters. See *e.g.*, United States v. Kelly, 349 F.2d 720, 778 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966); United States v. Agueci, 310 F.2d 817, 833–834 (2d Cir. 1962), cert. denied [Guippone v. United States], 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963). Indeed, voter registration lists are made the primary source of jurors in the new Jury Selection and Service Act of 1968, 28 U.S. C.A. §§ 1861–1871 (Supp. July, 1968)." 401 F.2d at 671.

■ For jury selection purposes under the 1968 Act, nonvoters are not a "cognizable group" so as to render their exclusion unconstitutional. See Camp v. United States, *supra.*

■ (2) *Many persons who were and are subject to military service between the ages of 18 and 21 are excluded.* The first thing to be noted in this regard is that 28 U.S.C. § 1861 specifically provides a citizen must be 21 years of age to serve as a juror. As of this writing, the United States Supreme Court has before it the question of the validity of an Act of Congress extending the right to vote to those 18 years and older.* At the last general election in Minnesota, a Constitutional Amendment was adopted extending the voting privilege to those 19 years of age and over. Perhaps, depending on what decision the United States Supreme Court makes, the requirement of § 1861 and the lowered voting age will come into direct collision and ultimately a new Congressional policy may be adopted. In any event, whatever the reduced age, those now under 21 years of age will not be able to vote at a general election until 1972, when both a presidential and a statewide general election next will be held and thus will not be able to get on the voter lists and become eligible for jury selection until then. Unless this court is to declare § 1861 unconstitutional, which it does not intend to do, it could not today swear in anyone as a juror under 21 years of age. Counsel in effect requests that this case, and it would follow of necessity all the criminal business of the court, should come to a standstill and be continued until 1972 when younger voters can next make an appearance at a general election. This the court obviously cannot do. Counsel cites no authority for his position, nor has the court found any.

(3) *21 and 22 year old citizens and those 23 year old citizens who were too* young to vote in the 1968 presidential election are not drawn as jurors. This is true. The jury plan and the guide lines promulgated by the judicial conference under the Act of 1968 contemplated a refilling of the jury master wheel or master lists after each presidential election. Historically (except for isolated contests) more persons vote in presidential than in state or local elections and thus a larger cross-section of citizens is obtained. Further, pragmatically the problem of updating the list after every by-election or even after a general statewide election is expensive and burdensome. Counsel estimates that approximately 5% of the population might fall within this category of 21 to 23 year olds, and that before the master wheel or list is refilled in 1973, following the 1972 presidential election, a greater percentage will fall in this category.

■ On inquiry from the court as to an alternative method of jury selection, counsel suggests United States Census reports. The use of this report, officially updated only every 10 years, would seem to the court to compound the problem that counsel poses and is not feasible for this, if for no other reason. If counsel is suggesting that the 1970 census, which is as the court understands not yet completed, at least as to all its facets, is to be used on an "ad hoc" basis, this it seems to the court is exactly what the Jury Act of 1968 was designed to prevent, i.e., the "key man" or unscientific non-random selection of jurors. Counsel suggested as another alternative drawing jurors from the University and college student rosters. While defendants may think such a panel would be more favorable to them in view of the nature of this case, it would be far from a scientific cross-section since far less than 50% of the United States population is enrolled in universities or colleges. To attempt to supple-

---

* Since the date of the issuance of this opinion the Supreme Court in Oregon v. Mitchell, 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970), rendered a decision validating Congressional reduction of the voting age to 18 years at least for federal elections.

ment the jury venire from these sources on an ad hoc basis would seem to raise more problems than it might possibly cure. A defendant may not be entitled to a 100% simon-pure absolutely perfect cross-section of citizens for a jury panel, but only to a panel selected by the best method that thoughtful men in and out of Congress who have studied the practiccalities of selection and are cognizant of the problems have been able to develop with their best bona fides.

The present system employed in the plan adopted by this court is scientifically and mathematically proportioned over the various Divisions of this court in the District of Minnesota. To attempt on an isolated, one time basis to add names of those, if they could be ascertained with any degree of certainty, who were under 21 at the last general presidential election and who have become 21 since would seem to violate the very theory and rationale of the Jury Act of 1968 and the plan adopted pursuant thereto. Therefore,

It is ordered that defendants' motion to strike the venire and to dismiss the indictment be and the same hereby is denied.